UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WASTE ACTION PROJECT,<br><br>                Plaintiff,<br>    v.<br><br>WILLIS ENTERPRISES INC. (MOON ISLAND FACILITY); PORT OF GRAYS HARBOR,<br><br>                Defendants. | CASE NO. 3:20-cv-05913-TL<br><br>ORDER SETTING AMENDED BENCH TRIAL DATE AND RELATED DATES |

On December 10, 2021, the parties filed a Joint Stipulated Motion for Amendment to Case Schedule. Dkt. No. 23. As a preliminary matter, the Court notes that the parties ask to extend the deadline for disclosure of expert testimony. However, this deadline already had passed before the filing of the parties' request for an extension of time. LCR 7(j) requires motions for relief from deadlines to be filed *in advance* of any such deadlines:

> A motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline. Parties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise.

The Federal Rules of Civil Procedure provide that the Court may grant a motion for extension of time that is "made after the time has expired if the party failed to act because of excusable neglect." Fed. R. of Civ. Proc. 6(b)(1)(B). Because the parties agree to this request for

Order Setting Amended Bench Trial Date and Related Dates - 1

a time extension, the Court will consider their failure to act in a timely manner to be "excusable neglect" and allow them to pass go this time. However, future requests that do not comply with the rules may be summarily denied.

Having reviewed the Stipulated Motion for Amendment to Case Schedule, Dkt. No. 23, submitted by the parties, the Court hereby GRANTS the motion, reschedules this case for trial and orders the following amended pretrial schedule:

| Event | Date |
| --- | --- |
| BENCH TRIAL set for 9:00 a.m. on | **1/9/2023** |
| Length of trial | 10 days |
| Disclosure of expert testimony under FRCP 26(a)(2) due | 5/31/2022 |
| Disclosure of rebuttal expert testimony under FRCP 26(a)(2) due | 6/29/2022 |
| All motions related to discovery must be filed by | 7/11/2022 |
| Discovery completed by | 8/8/2022 |
| All dispositive motions and motions challenging expert witness testimony must be filed by this date (*see* LCR 7(d)) | 9/8/2022 |
| Settlement Conference, if mediation has been requested by the parties per LCR 39.1, held no later than | 10/10/2022 |
| Mediation per LCR 39.1, if requested by the parties, held no later than | 11/9/2022 |
| All motions in limine must be filed by | 12/5/2022 |
| Agreed LCR 16.1 Pretrial Order due | 12/19/2022 |

Order Setting Amended Bench Trial Date and Related Dates - 2

| | |
|---|---|
| Trial briefs, preliminary proposed findings of fact and conclusions of law, deposition designations, and exhibit lists due by this date. Counsel are to confer and indicate with their submissions which exhibits are agreed to. | 12/27/2022 |
| Pretrial conference scheduled for 9:30 a.m. on | 1/3/2023 |

All other dates are specified in the Local Civil Rules. With the exception of the deadlines described in Section II(G) of Judge Lin's Standing Order for All Civil Cases, the dates set forth in this order are firm dates that can be changed only by order of the Court, not by agreement of counsel for the parties. The Court will alter these dates only upon good cause shown. Failure to complete discovery within the time allowed is not recognized as good cause. Judge Lin will not decrease the amount of time between the dispositive motion or motion in limine deadlines and the trial date unless the parties set forth an extraordinary basis for doing so. Any changes in the dispositive motion or motion in limine deadlines will result in a change of the trial date. If any of the dates identified in this Order or the Local Civil Rules fall on a weekend or federal holiday, the act or event shall be performed on the next business day.

If the trial date assigned to this matter creates an irreconcilable conflict, counsel must provide written notice to Courtroom Deputy Kadya Peter at Kadya_Peter@wawd.uscourts.gov within ten (10) days of the date of this Order and must set forth the exact nature of the conflict. A failure to do so will be deemed a waiver. Counsel must be prepared to begin trial on the date scheduled, but it should be understood that the trial may have to await the completion of other cases.

### CHAMBERS PROCEDURES

The parties shall review Judge Lin's Chambers Procedures at

https://www.wawd.uscourts.gov/judges/lin-procedures, as well as the Local Rules, Electronic

Order Setting Amended Bench Trial Date and Related Dates - 3

Filing Procedures for Civil and Criminal Cases, court forms, instruction sheets, and General Orders that can be found on the Court's website at https://www.wawd.uscourts.gov/.

**Counsel and *pro se* parties are expected to abide by the requirements set forth in the Local Rules as well as Judge Lin's Chambers Procedures. Failure to do so may result in the imposition of sanctions.**

### COOPERATION

As required by LCR 37(a), all discovery matters are to be resolved by agreement if possible. Counsel are also directed to cooperate in preparing the final pretrial order in the format required by LCR 16.1, except as ordered below.

### EXHIBITS

The original and one copy of the trial exhibits are to be delivered to Judge Lin's chambers five days before the trial date. Each exhibit shall be clearly marked. The Court hereby alters the LCR 16.1 procedure for numbering exhibits: Plaintiff(s)' exhibits shall be numbered consecutively beginning with P-1; defendant(s)'exhibits shall be numbered consecutively beginning with D-1. Duplicate documents shall not be listed twice. Each exhibit shall be printed double-sided unless there is a specific need to not do so. Once a party has identified an exhibit in the pretrial order, it may be used by any party. Each set of exhibits shall be submitted in a three-ring binder with appropriately numbered tabs.

### PRIVACY

Pursuant to LCR 5.2(a), parties shall refrain from including, or shall partially redact where inclusion is necessary, the following personal data identifiers from all documents filed with the court or used as exhibits in any hearing or at trial, unless otherwise ordered by the court:

- Dates of Birth − redact to the year of birth, unless deceased.
- Names of Minor Children − redact to the initials, unless deceased or currently over the age of 18.

Order Setting Amended Bench Trial Date and Related Dates - 4

- Social Security or Taxpayer Identification Numbers − redact in their entirety.
- Financial Accounting Information − redact to the last four digits.
- Passport Numbers and Driver License Numbers − redact in their entirety.

Parties in social security appeals and immigration cases shall comply with LCR 5.2(c).

### SETTLEMENT

If this case settles, counsel shall notify Kadya Peter via email at Kadya_Peter@wawd.uscourts.gov as soon as possible. Pursuant to LCR11(b), an attorney who fails to give the Courtroom Deputy prompt notice of settlement may be subject to such discipline as the Court deems appropriate.

Dated this 28th day of January, 2022.

Honorable Tana Lin
United States District Judge

Order Setting Amended Bench Trial Date and Related Dates - 5