HON. TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WASTE ACTION PROJECT, | |
| Plaintiff, | Case No. 3:20-CV-05913-TL |
| v. | |
| WILLIS ENTERPRISES, INC.; PORT OF GRAYS HARBOR, | [~~PROPOSED~~] CONSENT DECREE |
| Defendants. | |

## I.   STIPULATIONS

WHEREAS, Plaintiff Waste Action Project filed a complaint against Defendant Willis Enterprises, Inc. ("Willis") alleging violations of the Clean Water Act ("CWA"), 33 U.S.C. § 1251 et seq., relating to discharges of stormwater associated with industrial activities and other pollutants, including spilled wood chips, from Willis's upland facility located at 400 Airport Way SW, Hoquiam, WA 98550 (the "Facility") and a shipping pier, access pier and trestle on Grays Harbor leased from the Port of Grays Harbor (collectively referred to as "the Dock" or "Terminal 3") (the "Facility" and "Dock" together constituting the "Site"), and seeking declaratory and injunctive relief, civil penalties, and attorneys' fees and costs.

WHEREAS, Waste Action Project filed an amended complaint adding allegations of CWA violations at the Dock against the Port of Grays Harbor ("the Port").

CONSENT DECREE
No. 3:20-cv-05913-TL
1

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

WHEREAS, the Port filed a Cross Claim with allegations against Willis, including allegations of violation of covenants in the Access and Dock Usage Agreement and certain incorporated portions of Port Lease No. 1058.

WHEREAS, Waste Action Project, Willis and the Port (collectively "the Parties") agree that settlement of these matters is in the best interest of the Parties and the public, and that entry of this Consent Decree is the most appropriate means of resolving this action.

WHEREAS, the Parties stipulate to the entry of this Consent Decree without trial or adjudication of any issues of fact or law regarding Plaintiff's claims that remain undecided or unstipulated, and without any admissions other than those expressly provided in this Consent Decree.

WHEREAS, the Parties desire to settle, resolve, and release all claims that the Parties have or could have asserted against the others caused by or arising from an action or inaction attributable to Willis or the Port.

WHEREAS, upon expiration of this Consent Decree, all claims against Willis and the Port will be dismissed with prejudice.

DATED this __th day of July, 2022

| CASCADIA LAW GROUP | SMITH & LOWNEY PLLC |
|---|---|
| By  s/Tisha Pagalilauan<br>Tisha Pagalilauan, WSBA #28217<br>Attorney for Defendant Willis Enterprises, Inc. | By  s/Marc Zemel<br>Marc Zemel, WSBA #44325<br>Attorney for Plaintiff<br>Waste Action Project |

CONSENT DECREE
No. 3:20-cv-05913-TL
2

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

WILLIS ENTERPRISES, INC.

By *[signature]*
Todd Charlton
Vice President, Operations

WASTE ACTION PROJECT

By *[signature]*
Greg Wingard
Executive Director

INGRAM, ZELASKO AND GOODWIN

By *s/Arthur A. Blauvelt III*
Arthur A. Blauvelt III, WSBA #8260
Attorney for Defendant Port of Grays Harbor

PORT OF GRAYS HARBOR

By *[signature]*
Gary G. Nelson
Executive Director

## I.   ORDER AND DECREE

This matter came before the Court upon the foregoing stipulations of the Parties. Having considered the stipulations, the United States' notice of non-objection (Dkt. No. 33), the Rose Foundation's letter (Dkt. No. 32-1 at 16–17), and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This Court has jurisdiction over the Parties and subject matter of this action.

2. Each signatory for the Parties certifies for that party that he or she is fully authorized by the party or parties he or she represents to enter into the terms and conditions of this Consent Decree and to legally bind the party or parties, their successors in interest and assigns of the parties to it.

CONSENT DECREE
No. 3:20-cv-05913-TL
3

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

3.      This Consent Decree applies to and binds the Parties and their successors in interest and assigns.

4.      This Consent Decree and any injunctive relief ordered within will apply to the operation, oversight, or both by Willis of the Facility, including those portions currently subject to National Pollutant Discharge Elimination System Permit No. WAR011407 (the "NPDES permit") and the Dock or to the Port, as specified herein.

5.      This Consent Decree is a full and complete settlement and release of (i) all the claims alleged in the Complaint, the Amended Complaint and the Port's Crossclaims for the alleged acts or omissions, existing as of the date of entry of this Consent Decree, that the Complaint, Amended Complaint and/or the Port's Crossclaims asserted, including but not limited to, under the Clean Water Act, 33 U.S.C. §§ 1251-1387, and (ii) all the claims that could have been alleged, arising from operations of the Facility against Willis and the Port, their employees, agents, successors and assigns. Upon termination of this Consent Decree, these claims will be released and dismissed with prejudice.

6.      The Parties agree that the obligations undertaken under Paragraphs 7, 8, 9 and 10 are in full and complete satisfaction of all the claims covered by this decree.

7.      <u>Injunctive Relief as to Willis Enterprises, Inc.</u>:

   a.   Willis agrees to comply with the terms and conditions of the Industrial Stormwater General Permit (ISGP) and any successor or modified permit applicable to the Facility.

   b.   To mitigate the track-out of sediment from the Facility to Airport Way, between October 15 and July 15 of each year, each day when vehicles exit the Facility, Willis will sweep paved areas in the vicinity of Facility exits/entrances, including areas within the Facility and on Airport Way that are immediately adjacent to the exists/entrances for the Facility.

CONSENT DECREE
No. 3:20-cv-05913-TL
4

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

c.  Willis certifies that it has sealed an abandoned stormwater conveyance pipe located underground at the southeast corner of the upland portion of the Facility in a manner that prevents the pipe from conveying water.

d.  Within seven (7) days of entry of the Consent Decree, Willis will apply for ISGP coverage for the Dock. Willis agrees to implement ISGP terms and conditions on the Dock while its ISGP application is pending. If Ecology grants separate ISGP coverage for the Dock, Willis agrees to comply with its terms and conditions. If Ecology does not grant separate ISGP coverage for the Dock, Willis will incorporate the Dock into ISGP No. WAR011407 and implement its terms and conditions there. Willis will maintain ISGP coverage for the Dock until either (1) Willis ceases operations on the Dock, does not reasonably intend to resume operations on the Dock and the Department of Ecology approves a Notice of Termination under ISGP Condition S13, or (2) Willis validly transfers its ISGP coverage to another permittee, consistent with ISGP Condition S2.D ("Transfer of Permit Coverage").

1. As part of ISGP implementation on the Dock, Willis will establish at least one designated stormwater discharge monitoring point for the Dock, located on the shipping pier portion of the Dock.

e.  Willis certifies that since Waste Action Project filed the complaint in this matter, Willis has conducted a thorough inspection of the entire conveyor system on the Dock and identified any gaps or damage that would allow wood chips to escape during a loading operation.

1. Willis certifies that this conveyor system inspection included locations of excess lubricant or oil that may become exposed to stormwater. Willis certifies that in response to this inspection, it made the following improvements to mitigate direct discharges of wood chip materials to Grays Harbor: (1) At the transfer point from belt 2 to belt 3 tail roll, extended side walls and installed roofing, and added belt skirting for a wind break and containment; (2) extended walls of the head roll on belt 3 for transfer to

CONSENT DECREE
No. 3:20-cv-05913-TL
5

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

the belt 4 tail roll; (3) extended side walls, belt skirting and roofing on the tail roll of belt 4; (4) extended the head roll walls of belt 4; (5) replaced the belt roof of belt 5; (6) extended the hood of belt 5 to the belt cover hoops; (7) heightened and extended the wall from the transfer belt 6 head roll to the tail roll of belt 7; (8) extended the front wall of the belt 7 head roll to the belt 8 tail roll; (9) added belt skirting for containment on the bottom of the hood on belt 7; (10) installed a belt scraper on the head roll of belt 6; and (11) requires Willis customers to utilize barges with bin walls 20-25 feet in height.  Willis commits to regularly maintain these improvements and the rest of the conveyor system, and promptly make necessary repairs to keep the improvements functioning effectively to minimize wood chip loss.

2.   In addition, immediately upon entry of the Consent Decree, Willis will do the following: (1) Willis will utilize a human observer during operations of the wood chip conveyor system, who will place bins under falling chips to collect them, as needed; and (2) Willis will load all barges to the center of the barge while keeping the chip mound under the loading spout.  At the bin wall, wood chip product will be loaded at or below three feet of the rail cap, but the mound at the center of barge may be higher than the rail cap.

3.   In addition to the improvements already made and agreed to, with the assistance of a qualified consultant, within twenty-one (21) days of entry of this Consent Decree, Willis will consider the following remedies to the following issues: (1) due to the periodic continuance of chips onto the return belt, Willis will consider installing a diagonal rubber belt plow on the return belt; (2) due to the possibility that wood chips may fall or blow into Grays Harbor during barge loading, Willis will consider specifying the optimum loading spout position (i.e. horizontally, vertically and angularly) to prevent wood chip escape.

CONSENT DECREE
No. 3:20-cv-05913-TL
6

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

        f.      Within seven (7) days of entry of the Consent Decree, Willis will request the Port of Grays Harbor (the Port) to conduct a thorough inspection of the entire shipping pier portion of the Dock to identify any openings in the floor or walls that would allow stormwater runoff to flow into Grays Harbor by any path other than via the "sediment planter" that is designed to receive loading dock stormwater runoff.  If the Port does not conduct this inspection within thirty (30) days of Willis's request, Willis will promptly perform the inspection. Immediately after the inspection and before the next use of the conveyor system for barge loading, Willis will seek approval from the Port to (1) plug any gaps in the concrete floor and breaks in the wall sides, and (2) Willis will implement BMPs for keeping wood chips out of the effluent discharged from the "sediment planter" while also allowing for the collection of representative samples.  Willis certifies that it is currently evaluating additional BMPs with the assistance of a qualified consultant, including consideration of measures such as grafting, risers with grates or inserts for the "sediment planter" on the Dock.  Willis will include the additional, selected BMPs in the SWPPP that will be provided to WAP for review and comment.

        g.      Within seven (7) days of entry of the Consent Decree, with assistance from a qualified consultant, Willis will develop and implement a wood chip spill prevention plan that identifies all applicable methods to prevent wood chips and dust spills and their discharge to Grays Harbor from any part of the Dock.  Willis will incorporate the wood chip spill prevention plan into the Stormwater Pollution Prevention Plan (SWPPP) for the Dock.  Willis will also continue to implement sediment control measures consistent with applicable best management practices (BMPs) under the ISGP.

        h.      Within seven (7) days of entry of the Consent Decree, Willis will implement the following operational improvements for the Facility:

        1.      During all barge loading, Willis will assign staff to observe the conveyor and loading to note the escape of any chips onto the Dock or into Grays Harbor.  If any appreciable losses from the Dock to Grays Harbor occur, the observer will deploy bins to

CONSENT DECREE  
No. 3:20-cv-05913-TL  
7

Smith & Lowney, p.l.l.c.  
2317 East John St.  
Seattle, Washington 98112  
(206) 860-2883

contain small spills as they occur, and temporarily cease loading if bins are ineffective at containing a spill.

2. Willis will use a vacuum sweeper to pick up particles on the Dock quarterly. In addition, by the next working day shift following the completion of each barge loading, Willis will also use a smaller sweeper or hand broom to pick up all visible chips and dust in areas inaccessible by Willis's vacuum sweeper.

3. Between October 15 and July 15 each year, by the next working day shift following the completion of each barge loading, Willis will deploy a skimmer in the "sediment planter" to remove visible, floating chips to the extent the planter has water and chips present.

4. Willis certifies that it has developed guidance sheets for personnel responsible for implementing the site equipment and operation improvements, and Willis will ensure the guidance sheets are followed, including through personnel training at the time of hiring and as an annual refresher retraining for all responsible personnel.

5. Willis will update the SWPPP to reflect all site and operational improvements.

i. Willis will promptly notify Waste Action Project upon completion of all remaining Dock-related work described in this Consent Decree and will permit Waste Action Project representatives onto the site to observe the modifications and receive a demonstration of all operating features.

j. Within thirty (30) days of entry of this Consent Decree, Willis will share a draft of its updated SWPPP incorporating the Dock and all related settlement conditions with Waste Action Project. Within thirty (30) days of receipt of the draft SWPPP, Waste Action Project may provide comments or suggestions to the draft SWPPP. Within fourteen (14) days of receiving Waste Action Project's comments, Willis must either incorporate Waste Action Project's comments into the final SWPPP or respond to each comment not incorporated, in detail, in

CONSENT DECREE
No. 3:20-cv-05913-TL
8

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

writing. Within seven (7) days of entry of the Consent Decree, Willis will provide $3,000.00 (three thousand dollars) to Waste Action Project for its consultant to perform this review.

8. <u>Injunctive Relief as to the Port of Grays Harbor:</u>

a. The Port will work cooperatively with Willis Enterprises, Inc. and the Washington Department of Ecology to ensure compliance with the terms and conditions of the Industrial Stormwater General Permit and any successor, additional, or modified permit at the Terminal 3 shipping pier.

b. The Port will not unreasonably withhold authorization and cooperation for Willis to modify or upgrade the stormwater infrastructure at Terminal 3 or implement stormwater BMPs (operational, structural or treatment) for the Terminal 3 shipping pier.

c. The Port will not allow any industrial activities to occur at Terminal 3, other than Willis's activities, unless the non-Willis industrial activity is covered by an Industrial Stormwater General Permit issued by the Department of Ecology to the Port or the non-Willis entity for those non-Willis industrial activities. "Industrial activity" as used in this paragraph means "Industrial Activity" as defined by the ISGP in Appendix 2.

d. The Port will maintain gate access protocol for Terminal 3 to reasonably prevent unauthorized access to the pier.

e. The Port will not be deemed to have violated the above by any of the following activities at the Terminal 3 shipping pier as long as the Port keeps a record of dates, times, entity and type of activity:

1. Allowing a vessel or barge to merely tie up at the Terminal 3 shipping pier for either the convenience or safety of that vessel of barge ("lay status").
2. Allowing a vessel of barge to tie up at the Terminal 3 shipping pier for the purposes of conducting in-hull work, provided the in-hull work will not impact stormwater discharge from the Terminal 3 shipping pier or cause a

CONSENT DECREE
No. 3:20-cv-05913-TL
9

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

process water or wastewater discharge to Grays Harbor. "In-hull work" means work conducted wholly inside the vessel.

9. Payment in Lieu of Penalty:

a. Within fourteen (14) days of entry of this Consent Decree by the Court, Willis will make a payment in the amount of one hundred and seventy-five thousand dollars ($175,000) to the Rose Foundation for Communities and the Environment for projects to improve the water quality in the Hoquiam River watershed, including Grays Harbor, as described in Exhibit 1 to this Consent Decree. Unless the parties mutually agree to wire payments, the payment will be in check form to the Rose Foundation for Communities and the Environment, Attention: Tim Little, 201 4th Street, Suite 102, Oakland, CA 94607. Payments will include the following reference in a cover letter or on the check: "Consent Decree, Waste Action Project v. Willis Enterprises, Inc., W.D. Wash. No. 3:20-cv-05913-TL." A copy of the check(s) and cover letter(s), if any, will be sent simultaneously to WAP and its counsel.

10. Costs of Litigation:

a. Within fourteen (14) days of entry of this Consent Decree by the Court, Wills will pay one hundred eighteen thousand nine hundred dollars ($118,900.00) to cover WAP's litigation fees, expenses and costs related to claims against Willis (including reasonable attorney and expert witness fees) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, Attn: Marc Zemel. Willis's payment will be in full and complete satisfaction of any claims WAP has or may have, either legal or equitable, and of any kind or nature whatsoever, for fees, expenses, and costs incurred in this litigation against Willis.

b. Within fourteen (14) days of entry of this Consent Decree by the Court, the Port will pay twelve thousand five hundred and fifty dollars ($12,550.00) to cover WAP's litigation fees, expenses and costs related to claims against the Port (including reasonable attorney and expert witness fees) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, Attn: Marc Zemel. The Port's payment will be in full and complete

CONSENT DECREE
No. 3:20-cv-05913-TL
10

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

satisfaction of any claims WAP has or may have, either legal or equitable, and of any kind or nature whatsoever, for fees, expenses, and costs incurred in this litigation against the Port.

11. The payments described under Paragraphs 9 and 10 above shall be in full and complete satisfaction of any claims Waste Action Project has or may have against Willis and the Port, either legal or equitable, and of any kind or nature whatsoever, for fees, expenses, and cost incurred in this litigation, or for civil penalties, or payments in lieu of civil penalties pursuant to a supplemental environmental project under the CWA.

12. A force majeure event is any event outside the reasonable control of Willis or the Port that causes a delay in performing tasks required by this decree that cannot be cured by due diligence. Delay in performance of a task required by this decree caused by a force majeure event is not a failure to comply with the terms of this decree, provided that the party required by this decree to perform the task timely notifies Plaintiff of the event; the steps that the party will take to perform the task; the projected time that will be needed to complete the task; and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

Willis and the Port will notify Plaintiffs of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than fifteen (15) days after the occurrence of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include

    a. Acts of God, war, insurrection, or civil disturbance;

    b. Earthquakes, landslides, fire, floods;

    c. Actions or inactions of third parties over which defendants have no control;

    d. Unusually adverse weather conditions;

    e. Restraint by court order or order of public authority;

CONSENT DECREE  
No. 3:20-cv-05913-TL  
11

Smith & Lowney, p.l.l.c.  
2317 East John St.  
Seattle, Washington 98112  
(206) 860-2883

        f.        Strikes;

        g.        Any permit or other approval sought by Willis from a government authority to implement any of the actions required by this Consent Decree where such approval is not granted or is delayed, and where Willis has timely and in good faith sought the permit or approval; and

        h.        Litigation, arbitration, or mediation that causes delay.

13.    This Court retains jurisdiction over this matter. While this Consent Decree remains in force, this case may be reopened without filing fee so that the parties may apply to the Court for any further order that may be necessary to enforce compliance with this decree or to resolve any dispute regarding the terms or conditions of this Consent Decree. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the parties must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute. The provisions of CWA section 505(d), 33 U.S.C. § 1365(d), regarding awards of costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, will apply to any proceedings seeking to enforce the terms and conditions of this Consent Decree.

14.    The parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA. Therefore, upon the filing of this Consent Decree by the parties, Plaintiff will serve copies of it upon the Administration of the U.S. EPA and the Attorney General.

15.    This Consent Decree will take effect upon entry by this Court. It terminates three (3) years after entry.

16.    All Parties have participated in drafting this Consent Decree.

17.    This Consent Decree may be modified only upon the approval of the Court.

CONSENT DECREE
No. 3:20-cv-05913-TL
12

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

18. If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party. The Parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

19. All communications between the parties shall be through legal counsel. Notifications or copies required by this Consent Decree to be made to Plaintiff shall be delivered electronically to:

> Waste Action Project
> Attn: Greg Wingard
> P.O. Box 9281,
> Covington, WA 98042
> E-mail: gregWAP@earthlink.net

Notifications required by this Consent Decree to be made to Willis shall be mailed or e-mailed to:

> Todd Charlton
> Willis Enterprises, Inc
> PO Box 457
> Oakville, WA 98568

And to:

> Tisha Pagalilauan
> Cascadia Law Group PLLC
> 1201 3rd Avenue, Suite 320
> Seattle, WA 98101
> tpagalilauan@cascadialaw.com

Notifications required by this Consent Decree to be made to the Port shall be mailed or e-mailed to:

> Executive Director
> Port of Grays Harbor
> P.O. Box 660

CONSENT DECREE
No. 3:20-cv-05913-TL
13

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

Aberdeen, WA 98520

And to:

Arthur A Blauvelt III
Ingram, Zelaski & Goodwin, LLP
120 East First Street
Aberdeen, WA 98520
blauvelt@izglaw.com

A notice or other communication regarding this Consent Decree will be effective when received unless the notice or other communication is received after 5:00 p.m. on a business day, or on a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the next business day. A notice or other communication will be deemed to have been received: (a) if it is delivered in person or sent by registered or certified mail or by nationally recognized overnight courier, upon receipt as indicated by the date on the signed receipt; or (b) if the receiving party rejects or otherwise refuses to accept it, or if it cannot be delivered because of a change in address for which no notice was given, then upon that rejection, refusal, or inability to deliver.

Dated this 12th day of September 2022.

_____
Tana Lin
United States District Judge

CONSENT DECREE
No. 3:20-cv-05913-TL
14

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

Presented by:

| | |
|---|---|
| CASCADIA LAW GROUP | SMITH & LOWNEY PLLC |
| By s/Tisha Pagalilauan<br>Tisha Pagalilauan, WSBA #28217<br>Attorney for Defendant Willis Enterprises, Inc. | By s/Marc Zemel<br>Marc Zemel, WSBA #44325<br>Attorneys for Plaintiff |

INGRAM, ZELASKO & GOODWIN, LLP

By: s/Arthur A. Blauvelt III
Arthur A. Blauvelt III, WSBA #8260
Attorney for Defendant Port of Grays Harbor

CONSENT DECREE
No. 3:20-cv-05913-TL
15

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883